United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning. This is Judge Wilson in Tampa. Judge Luck is in Tallahassee. And Judge Lagoa is in Miami. And our courtroom deputy, Ms. Tisa, is in Miami. And we have four appeals that are scheduled for oral arguments this morning. We're going to hear the first three appeals and then we're going to take a 10-minute break before we hear the last appeal. The first one is in regard to Tina M. Talarchyk. And I see that Douglas Broker is here for the appellant Talarchyk. Alexandra Valdez is the court-appointed attorney for the United States District Court. Ms. Valdez is here. Mr. Broker, you may begin with your argument. Thank you, Your Honor. And good morning, judges. I'm Douglas Broker on behalf of Appellant Tina Talarchyk, an attorney. This appeal deals with an internal discipline referral from the bankruptcy court to the chief of the Southern District of Florida. Judge Hyman entered an order of suspension on May the 7th of 2020. And the following day, Ms. Talarchyk, or the following day, the court issued, in order to show cause, directing Ms. Talarchyk respond under Rule 8 of the local rules concerning discipline. That order to show cause that was entered on May the 8th of 2020, that would be sufficient to place her on notice that she was subject to suspension, right, that she was granted an extension of response. So, I mean, that ought to be sufficient to provide her notice and an opportunity to be heard, doesn't it? Well, yes, the order to show cause provided Ms. Talarchyk would notice that the court was requesting a response under Rule 8 of the rules relating to discipline and peer review by attorneys in the Southern District of Florida. I'm not going to talk about what is the appropriate rule, is it Rule 6 or Rule 8, but in any event, that's a notice that she was subject to suspension in the Southern District of Florida. I mean, it seems pretty clear to me that that's sufficient to constitute notice. Do you disagree with that? No, I don't disagree that that was notice. She received it almost a month later because it was misaddressed and we were in the middle of a pandemic and lockdowns and then demonstrations, but she received it and we did respond. We asked for an enlargement of time and we responded on the items of Rule 8 and we advised the court that Rule 8 requires a final order of another court and that this order was under review because we had three orders that we had taken appeals on to the District Court. They were consolidated and in our response we submitted the brief that we had submitted on appeal to the District Court. When I look at Rule 8, the words it uses are, quote, or by any other court of the United States. Why doesn't that make it clear that other court refers to any court in the United States that's not in the Southern District of Florida, especially when you look at the local rules and it lists the judges to whom Rule 8 applies and it includes district, senior, and magistrate judges and it doesn't mention bankruptcy judges. Your Honor, Rule 8, I think it's very clear that it refers to state and territorial courts of the United States and other courts of the United States other than the Southern District and what we pointed out was that Rule 6 and the procedures under Rule 6 are what apply to a referral within the Southern District, which is what this was. Judge Hyman entered this order and he both referred it to the Florida Bar, which was in the order, and it was sent to Judge Moore. Isn't the bankruptcy court statutorily a distinct court from the District Court? I'm sorry, a distinct court from the District Court? Isn't the bankruptcy court statutorily a distinct court from the District Court? No, the bankruptcy court is a division of the District Court like a magistrate judge. Why does the bankruptcy court have its own local rules, which are entirely different from those of the District Court? Our bankruptcy court has developed a set of local rules, but that doesn't change the fact that there are Article 1 judges, not Article 3 judges, and that their conduct is subject to review by the District Court. In this particular case, the bankruptcy court was referring this both to the Florida Bar and to the Chief Judge. What did the Florida Bar say? Do we know that from this record? The Florida Bar has not entered any kind of a determination on this referral, but there was an identical referral by Judge Olson on the same conduct back in 2016. There still hasn't been an accounting, has there? Yes, by the Florida Bar. I mean, the accounting that was ordered by Judge Olson and then again by Judge Hyman. Okay, no, Judge Hyman did not order an accounting. He ordered file and serve. He ordered Mr. Varchick to make public. Judge Olson ordered an accounting, right? Well, first he ordered file and serve, and then he modified that order and ordered that the records be turned over to the U.S. trustee for review by an examiner in the same order. That still hasn't taken place, right? That has not taken place because the Florida Bar did a full audit and examination, and so the U.S. trustee has actually filed papers in both the District Court and the District Court. But what Judge Olson ordered still hasn't taken place, right? Well, he both referred it to the Florida Bar, and he ordered turned over to an examiner by the U.S. trustee. The Florida Bar performed an audit. There was no discipline. Was it an audit of the trust account? Was the $25,000 placed in the trust account? The Florida Bar audited her trust account, and that's why the U.S. trustee is no longer taking a position. They filed a paper with this court and the other appeal that they are not a certificate of non-involvement, and they filed it in the District Court as well. They're not involved. They are not interested because the audit has already taken place by the Florida Bar. Has there been a final adjudication from the bankruptcy court? Was there ever a final adjudication from the bankruptcy court with regard to her suspension? No, because that's up on appeal. Can I ask you a question about that, counsel? Sure. Let's take any regular order. If I go through an entire civil litigation, at the end of it, a district court orders that I pay to another party $10,000, is that order not final even though it's appealed? The payment order would be subject to collection. Right. It's final. It's effective. Right. So back to Judge Wilson's question, the suspension is effective. She can't practice in front of a bankruptcy court even though it's on appeal and reviewable. In other words, it's effective, right? Correct. Right. So if the district court's own rules are entitled to deference, and as I understand the law, a district court's interpretation of its own local rules are entitled to, I think it's great deference by a court, why is a reading of final adjudication, the one that Judge Wilson just read as effective, not a reasonable reading that is entitled to deference by us, even though it's not maybe the only reading of final adjudication? In this case, what Judge Hyman ordered Mr. Varchie to do, file and serve, is something that Judge Olson before him had previously backed away from. That's not really the question, but counsel, that's not really the question. The question is whether there's a final adjudication as to the discipline. That's what the rule says. And as to the discipline, she can't practice in front of the bankruptcy court, as far as I understand, because a stay hasn't been issued. So why is this not an effective final adjudication on discipline? The final adjudication on, the adjudication on discipline by Judge Hyman is effective until it is reversed on appeal. The discipline by Judge Moore is completely separate. That discipline is to apply that to the district court while the bankruptcy order is on appeal and without following the local rules. Rule six is very clear. And in rule 6C, where they talk about procedures and internal referral, that's where they talk about a district court, magistrate judge or bankruptcy judge. And they talk about it as those are within the southern district. So this was a referral within the southern district. It was not an other court, which is other districts of the United States and the District of Columbia or other state and territorial jurisdictions. So Judge Moore just didn't follow the appropriate rule. This was supposed to be handled by the peer review committee process with all of the procedural confidentiality and due process protections. And he completely failed to do that. What he did was he took an order that was on appeal. And so it's not... I just don't understand how if the local rules list the judges to whom rule eight applies, and it includes district, senior and magistrate judges, and it rule eight. Well, your honor, rule 8A is very specific by a court of any state, territory, commonwealth or possession of the United States. That's not this. Or any other court of the United States or the District of Columbia. And so rule six is for the southern district. Rule eight is for outside the southern district. And rule six specifically refers to the judges, the magistrate judges and the bankruptcy judges. It makes that reference in rule 6C1 about internal referrals. So there's a process for internal referrals for a committee to review the conduct, meet with the attorney, make recommendations. And the problem here is Ms. Tlarchik was put in an untenable position. She was told to file and serve confidential records relating to her client. She was appealing that. She was seeking a determination. She didn't have an opportunity to get a final determination and then move forward in accordance with that final determination. It was previously ordered to turn over to the U.S. trustee and refer to the Florida Bar. The Florida Bar performed the audit, concluded, to the point where the U.S. trustee is no longer interested in the process. The bankruptcy court was interested, as I understand it, and correct me if I'm wrong, it was interested in its own accounting of the $25,000 that she placed in her trust account pursuant to the retention application. Am I wrong about that? The bankruptcy court did not want the Florida Bar to conduct the accounting. The bankruptcy court wanted the accounting itself. And that has never taken place. The bankruptcy court did not order that the court perform the accounting. It never ordered in-camera inspection. It ordered file and serve, and then it did two things in the contempt order of January 2016 of ordering turnover to the U.S. trustee and referral to the Florida Bar. The Florida Bar took it, and the U.S. trustee says they have no interest in it. But the court has said that. Thank you for asking these questions, because the facts of this case have been gotten wrong by the courts below. And I greatly appreciate all of you delving into the facts. Thank you. Thank you. We'll hear from Ms. Valdez. Good morning, your honors. May it please the court, Alexandra Valdez is amicus curiae on behalf of the district court's order suspending Ms. Talarczyk from practice. Your honors, this court should affirm the district court's order because the district court properly imposed reciprocal suspension upon Ms. Talarczyk following the bankruptcy court suspension based on Ms. Talarczyk's willful violation of multiple orders by the bankruptcy court. I'd like to correct a few points that I think are kind of missed or overlooked here in terms of what's been argued today. Number one, Ms. Talarczyk continues to refer to the bankruptcy court suspension order as a quote referral by the bankruptcy court in an attempt to have rule six apply as opposed to rule eight. However, the bankruptcy court's order was not a referral. It was not an internal written referral to the committee created by rule six, which is what would be required in order to have rule six apply. Instead, it was its own distinct finding of misconduct by the bankruptcy court, which as your honors have noted, is a court of the United States as recognized by rule eight. And that suspension was within the inherent power of the bankruptcy judge, correct? Correct. It was within the inherent power of the bankruptcy judge. It was done pursuant to the local rules of the bankruptcy court, which as your honor, Judge Wilson noted, that court does have its own distinct rules, which the southern district's local rules permit. Southern district local rule 87.1 grants the bankruptcy court the right to create its own distinct rules for practice and procedure of the bankruptcy court. In addition, as Judge Lagoa correctly pointed out, the bankruptcy court is its own distinct court by 28 USC. District court can't rely on its inherent authority to suspend a lawyer without a finding of bad faith, right? That's correct. Do we have a finding of bad faith here? Not an express finding of bad faith. You're correct, Judge Wilson. That is not in the bankruptcy, and I apologize, neither in the bankruptcy court or the district court's order herein. However, I think that rule eight is the appropriate rule, and it was appropriately applied in this instance to impose a suspension upon this to large check. And so while the district court does have its own inherent power to impose such suspensions, you're correct, an express finding of bad faith would need to have been made in order to do so. Now I would argue that the record reflects facts that rise to the level of bad faith, and while this court does have the power to affirm an order based on anything supported by the record, I would argue that rule eight is sufficient and was properly applied in this instance, and this court can affirm under the rule eight and the suspension that was imposed based on that rule. I would also note that as Judge Love correctly pointed out, the suspension order by the bankruptcy court does constitute a final adjudication sufficient to satisfy the requirements of rule eight E. The fact that this order was on appeal does not render it non-final for purposes of that rule. This order was not stayed, and so when an order is on appeal, it remains valid and enforceable unless that order is stayed. And rule eight also recognizes that disciplinary proceedings under that rule may likewise be stayed if the order on which it is based has been stayed, but that is not the case here. So her suspension is not still under review in the bankruptcy court? It is currently actually on review before this court. So the bankruptcy court suspension order did go on appeal before the district court, and these are facts that are- I'm talking about in the bankruptcy court. Isn't her suspension still under review in the bankruptcy court? No, her suspension in the bankruptcy court is final, at least in terms of the bankruptcy court. It is on review by currently this court actually, but it has already been on review by the district court. The district court affirmed it. Those are facts that occurred after the suspension here, so I don't want to get too far into it, but it is final in terms of the bankruptcy court, Your Honor. Counsel, in terms of the language, any other court of the United States, do we interpret that solely as reflected in federal statutes, or does the law require us to give deference to the district court's interpretation of its local rules? I believe the law requires deference to the district court's interpretation of its own rules as well, Your Honor. In other words, any court of the United States could be read as applying to only Article III courts. That may be one plausible interpretation of that, but another plausible interpretation is any court of the United States is any court that's created by the United States, meaning immigration courts, tax courts, administrative law judge courts, magistrate judge courts for misdemeanors under six months, any number of courts that are created by the United States to deal with things. That's correct, Your Honor. Would it be odd to give deference to all state, territorial, and tribal courts, but somehow not give deference to a tax court, an Article I court with a judge that's confirmed by the United States Senate and its finding of discipline? Would that be an odd result if we were to do one but not the other? I believe so, Your Honor, and essentially it would be almost arbitrary to not grant the same stature to these courts. While they may not be Article III courts, they are courts of the United States, whether they're created under Article I or Article III. They're recognized as court, the bankruptcy judges are recognized as judicial officers of the United States, and obviously also an immigration judge or an administrative judge in a similar setting. So to sort of carve out those courts simply because you could argue that they're not Article III, or rather because they aren't Article III courts, I think creates a kind of arbitrary distinction that would really have no basis. Let's probe for a minute the point that this isn't an other court, this is part of the district court itself, which is one of the sort of the ways that your opposing counsel looks at this. If I go bankrupt, and I file a bankruptcy, but I don't really like the bankruptcy court here in the Northern District of Florida, I want to go directly to my local district court judge. Am I able to do that under federal statutes? No, Your Honor, the bankruptcy court has the jurisdiction over those cases solely. It has exclusive jurisdiction over those cases, correct? Correct. Right, so that would seem odd if somehow the bankruptcy court were a part of, a necessary part, and only part of the district court, although the district court can't take as a matter of exclusive jurisdiction my bankruptcy case. That would be odd, wouldn't it? That's correct, Your Honor, and the proceeding here is considered a core proceeding, which is what maintains jurisdiction exclusively with the bankruptcy court. So this particular instance, not only the original Chapter 11 proceeding that was brought on behalf of the debtor, but also this proceeding of disciplinary that arose from that original action, are all considered core proceedings, which would be appropriate to be before the bankruptcy court as its exclusive jurisdiction. We would afford the district court deference with regard to the interpretation of its own rules, but Ms. Talarczyk would still be entitled to due process before she's suspended from practicing in the Southern District of Florida, right? That's correct, Judge Wilson, and I believe here the record reflects that Ms. Talarczyk was afforded the due process that she was entitled to under the law. As Your Honor noted, the district court issued an order to show cause, which expressly identified the circumstance under which the district court was considering suspension, namely a reciprocal suspension based on the bankruptcy court's order. Ms. Talarczyk was also afforded the opportunity to respond to this order to show cause, to be heard on the issues presented by the order to show cause. She was granted various extensions, I believe, by the district court in order to accomplish this. She was also to file a motion to reconsider and vacate the district court's original suspension order, which notably is the first time that she raised this issue of the applicability of Rule A versus Rule 6. Despite the fact that she raised it in a reconsideration motion, which isn't entirely appropriate, the district court did consider it, did address it on its merits, and so I would argue that Ms. Talarczyk was afforded the due process that she was entitled to under the law in the given appropriate notice, and she was given an ample opportunity to be heard on the issues prior to the suspension being imposed. If Your Honors have no further questions, I would rest on my brief and urge this court to affirm. All right. Thank you, Ms. Valdez, and we'll hear from Mr. Broker. You're on mute, Mr. Broker. My apologies. Thank you, Your Honors. So, reviewing some facts here, Judge Hyman came in on Friday, February 21st. The case had been closed. He had already been assigned to other and he entered an order signed on Sunday the 23rd and put on the docket on Monday the 24th, and he got his facts from him. He was relying on prior orders by Judge Olson to file and serve. Those were merged into an order of turnover to the U.S. trustee and referral to the Florida Bar. He said that Ms. Talarczyk hadn't satisfied the order as far as payment of $10,900 to the clerk of the court. In fact, she had paid it the next day. So, in addition to paying that, which was supposed to go to pay the U.S. trustee, according to Judge Olson... Counsel? Counsel? Counsel? Judge Hyman may have been completely, utterly, 100% the wrongest order that's ever been issued in the history of all orders of the bankruptcy court of the Southern District of Florida. The question before us is, is the bankruptcy court and any other court of the United States, and is this a final adjudication, and was your client afforded due process? Those are the three questions here. You're going to have your opportunity, from what I understand, to argue the merits of the underlying order, and a panel of will hear that as we've heard this appeal. But let's focus on the issues, I think, that are actually before this court. Correct. So, the language of Rule 6 and the language of Rule 8, I believe, are clear, that Rule 8 applies to other courts, meaning outside the Southern District, and Rule 6 applies to referrals within the Southern District. This was a referral because Judge Hyman sent it to the Chief Judge, and the Chief Judge opened a proceeding under the peer review and disciplinary process, and then he applied the wrong rule. And Judge Moore has a failing to provide due process, and that's exactly what happened here. In his order of suspension, Whoa, whoa, wait a minute now. Judge Hyman has a history of... Judge Moore has a history with this court of failing to provide due process. I have to say, you made this argument in your brief. I was content to leave it there, but if you're going to bring it up here, I'm going to bring it up. Whatever errors that any district court may have made in the past are in no way relevant to whether any error was made here, in the same way, counsel, that the thousands of cases that this particular district court judge has been affirmed on, since he's been on the bench since the late 1980s, are in no way relevant to the fact that he is absolutely right with regard to his order here. You would not want me to make one inference, and you would not want me to make the other inference. So I do not think it's relevant in any way whatsoever if a judge has been reversed in the past with regard to anything of whether he made an error here. Let's focus on the ball here. And at least for me, I am not going to entertain any argument that this judge somehow erred in the past, and therefore that indicates that he erred in this particular case. And you wouldn't want your history to be seen here, and you wouldn't want anyone else's to be seen here as per se, meaning that you made an error in this particular case. Understood, your honor. I apologize. In his order of suspension on the issue of due process, Judge Moore specifically stated, Talarchic was provided an opportunity to test the order of suspension and actively did so by filing multiple appeals. So this is still on appeal to this court. It was early on the appeal to the district court at the time that Judge Moore made this order of suspension. And so it's not a final order as provided by Rule 8. Under Rule 8, if it's going on in another jurisdiction, a bankruptcy court of Southern District of New York, and then it's appealed there, it's not final until the appeal is determined. And likewise here. And the fundamental problem actually is the whole file and serve. Ms. Talarchic was in a untenable position, a catch-22. She can't file and serve and make public, by putting them on the docket, her financial records relating to her client. And so that's why the issue, that's why it was merged into an order of turn it over to the U.S. trustee. And what's crucial is in his final order of suspension, Judge Hyman mused, I don't understand why she would turn, would be able to turn it over to the Florida Bar, but she wouldn't give it to the court. Turning it over to the court was never ordered. An in-camera inspection with that confidentiality was never ordered. She is under an order to file and serve, and so we're pursuing an appeal. Once the appeal is done, she needs to have the opportunity to move forward and do whatever the court determines at the end of the day. And so that's why the peer review process is so important. Because the peer review process provides all of the fundamental protections of an attorney and an attorney's license to practice law. Generally, they defer to the Florida Bar if there's a referral to the Florida Bar. Here, the Florida Bar has already made an audit and resolved it years ago. But there's a whole process of meeting with the attorney, making recommendations, having the attorney respond to the recommendations. Are you saying with regards to the Florida Bar referral, there was a referral to the Florida Bar, correct? Yes, Your Honor. And did the Florida Supreme Court rule or make any determination with regards to the Florida Bar referral? No, there was no determination by the Supreme Court on the audit that was performed by the Florida Bar, and Ms. Tlarczyk paid the cost of that audit. And that is closed now? There's no longer pending? Yes. And Judge Hyman made another referral in his order of suspension. What do you mean by it's closed? So there's nothing left for the Florida Bar to do? Oh, yeah. Let me be clear. The referral by Judge Olson in January 2016 is closed. The referral by Judge Hyman in 2020 is open. So the Florida Supreme Court has not yet made any determination on that? No, no, not on the Hyman referral. All right. Thank you, Mr. Broker. You've gone way over your time. Okay. And again, thank you. Yeah, thank you so much for delving into the facts. All right. And Ms. Valdez, the court notes that you were appointed as amicus as to represent the position of the district court, and the court thanks you for your service. Yeah. Thank you.